**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOE M. AL-DOLEMY,

        Plaintiff,

v.

SAMER KATO *et al.*,

        Defendants.

Case No. 2:21-cv-10809-LVP-JJCG
District Judge Linda V. Parker
Magistrate Judge Jonathan J.C. Grey

_____/

## REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL OF DEFENDANTS SAMER KATO AND JOHN DOES

Moe M. Al-Dolemy, an incarcerated person, brings this *pro se* complaint against the Federal Bureau of Investigation (FBI) Detroit Field Office and three individual defendants for failure to fulfill his Freedom of Information Act (FOIA) requests. (ECF No. 1.) Al-Dolemy has paid the requisite filing fee. On September 27, 2021, Judge Linda V. Parker referred pretrial matters to the undersigned. (ECF No. 20.)

For the reasons that follow, the Court **RECOMMENDS** summary dismissal of Samer Kato, John Doe 1, and John Doe 2 from the action under 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c), and Federal Rule of Civil Procedure 12(b)(1).

## I.    Complaint

Al-Dolemy names four defendants: Kato, the FBI Detroit Field Office, John Doe 1, and John Doe 2. (ECF No. 1.) Al-Dolemy asserts that on January 31, 2017, Kato arrested Al-Dolemy without a warrant. (*Id.* at PAGEID.24.) Al-Dolemy also asserts that in connection with this arrest, Doe 1 interviewed a confidential informant, and Doe 2 observed Kato execute the arrest. *Id.*

Al-Dolemy believes he was wrongfully convicted. (*Id.* at PAGEID.21.) He states that he submitted two FOIA requests to the FBI Detroit Field Office to unearth information about his arrest. (*Id.* at PAGEID.3–4, 20.) Since he suspects that Kato impersonated an FBI agent, Al-Dolemy allegedly submitted his first FOIA request on February 4, 2021 to determine whether the FBI ever employed Kato. (*Id.* at PAGEID.3, 21.) Al-Dolemy allegedly submitted his second FOIA request on February 16, 2021 regarding Doe 1's interview of the confidential informant. (*Id.* at PAGEID.4.) Al-Dolemy claims that the FBI Detroit Field Office has been nonresponsive to his requests. *Id.*

Al-Dolemy makes no allegations against Kato or the John Does. For relief, Al-Dolemy requests that the Court order the defendants to provide the following information: (1) Kato's employment history at the FBI, (2) identities of the John Does, and (3) all FD-302 interview reports generated by the FBI during their investigation of him. (*Id.* at PAGEID.2, 25.)

2

## II.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts must accept the alleged facts as true and make all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Complaints are also held to a plausibility standard in which the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Under 28 U.S.C. § 1915A(b), courts are required to dismiss a complaint if the prisoner sues a governmental entity, officer, or employee and the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant entitled to immunity. 28 U.S.C. § 1915A(b). Similarly, courts are required to dismiss a complaint upon determination that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Generally, courts may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff notice and opportunity to

3

amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A court may, however, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) without notice or opportunity to amend when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*

Because Al-Dolemy paid the filing fee, the Court will not apply 28 U.S.C. § 1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that § 1915(e)(2) applies only to *in forma pauperis* proceedings).

Al-Dolemy represents himself in this matter. Although a *pro se* complaint is entitled to less stringent standards, it may be dismissed for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted).

## III.   Analysis

Under FOIA, agencies are required to make records promptly available upon request, unless an exemption applies. 5 U.S.C. §§ 552(a), 552(b). Only federal agencies are proper defendants in FOIA litigation. *Hale v. Schaefer*, 201 F.3d 440, 440 (6th Cir. 1999). FOIA defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent

4

regulatory agency." 5 U.S.C. § 552(f)(1). Here, because Kato, Doe 1, and Doe 2 are individuals, they are not proper defendants in this action. Accordingly, the Court finds that Al-Dolemy fails to state a claim against these three defendants.

FOIA confers jurisdiction on district courts "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). District courts lack jurisdiction to grant relief unless there is "a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" *U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989). Al-Dolemy fails to make this showing because, as stated above, Kato and the two John Does are not agencies. Moreover, Al-Dolemy has no allegations against Kato and the two John Does, thereby making his complaint against them implausible and devoid of merit. It appears that they were involved in an arrest that Al-Dolemy seeks information about. The Court thus has no subject-matter jurisdiction over Kato and the two John Does.

## IV. Conclusion

Accordingly, the undersigned **RECOMMENDS** dismissal of defendants Kato, Doe 1, and Doe 2 from the complaint under 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c), and Rule 12(b)(1).

Dated:   October 26, 2021          s/**Jonathan J.C. Grey**
                                   Jonathan J.C. Grey
                                   United States Magistrate Judge

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2021.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager